UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4087

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TROY LAMONT BIBB, a/k/a Y-Born,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:07-cr-00108-REP-1)

Submitted:  June 9, 2009              Decided:  July 7, 2009

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William J. Dinkin, DINKIN & PURNELL, PLLC, Richmond, Virginia,
for Appellant.  Chuck Rosenberg, United States Attorney, Richard
D. Cooke, Assistant United States Attorney, Richmond, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Troy Lamont Bibb of assaulting fellow-inmate Christopher Ray Klingenstein with a shank[*] with the intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) (2006), and possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (b)(3) (2006). Bibb appeals his conviction, challenging the district court's refusal to instruct the jury on his theory of self defense. Finding no reversible error, we affirm.

We review for an abuse of discretion "[t]he decision to give or not to give a jury instruction." United States v. Allen, 491 F.3d 178, 186 (4th Cir. 2007) (internal quotation marks and citation omitted). The district court's refusal to grant a requested jury instruction is reversible error only if the proffered instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Hurwitz, 459 F.3d 463, 477-78 (4th Cir. 2006) (internal quotation marks and citation omitted). We have held that "a

_____

[*] A shank is a sharpened instrument used as a weapon in prison.

district court should give the instruction that a criminal defendant requests as to any defense as long as the instruction . . . has an evidentiary foundation[] and . . . accurately states the law applicable to the charged offense." <u>United States v. Stotts</u>, 113 F.3d 493, 496 (4th Cir. 1997).

With these standards in mind, we have carefully reviewed the record on appeal. We conclude that the district court properly found that there was no evidence in the trial testimony to support the self-defense instruction. Thus, we find no abuse of discretion in the court's refusal to instruct the jury on Bibb's theory of self defense.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>